DUPEUX
*vs.*
TROXLER ET AL.                    **DUPEUX** *vs.* **TROXLER ET AL.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The plaintiffs, as holders, sue the maker and endorser of a promissory note :
intervenors claim the note and allege that it was the property of their
ancestor, from whom it was stolen, and came unfairly and without
consideration into the hands of the plaintiffs : *Held*, that when the
testimony shows the note was not obtained in a fair course of trade, the
holder is not considered *bonâ fide* and cannot recover as against the true
owner.

This is an action by the holder against the maker and
endorser of a promissory note, for two thousand three hundred
and ninety-six dollars seventy-five cents, payable in all the
month of March, 1834, at the parish judge's office, in the
parish of St. Charles, and protested on the 3d of April, 1834,
for non-payment.    The plaintiff alleges the note was signed
by E. Troxler, and payable to the order of F. Troxler, who
endorsed it, and became the *bonâ fide* holder and owner
thereof, in the usual course of trade, before its maturity, and
for a good and sufficient consideration.    He prays judgment
for the amount thereof, with interest and costs.

The defendants admitted the execution of the note sued on,
and avowed their willingness to pay its amount to the true
owner; but they averred that said note belonged to the
late Michel Friloux, by whom its loss by theft had been
advertised, and consequently the plaintiff is not the *bonâ fide*
and legal holder thereof.    They pray that the suit be
dismissed.

The heirs and legal representatives of Michel Friloux,
deceased, intervened, alleging their ancestor was the true
owner and legal proprietor of the note sued on ; and that it
was stolen before it became due, from the possession of
Michel Friloux, in his life time, who advertised it and
cautioned the public against receiving it ; and that under

these circumstances, it came into the possession of the
plaintiff, without any consideration being paid therefor.

They pray to be allowed to intervene, and declared to be the
true owners of said note, and that they have judgment for
its amount.

The plaintiff denied the facts alleged by the intervenors,
and charged them with combining and conniving with the
defendants to defraud him. He avers, that even if the note
was stolen, he received it in good faith, and for a valuable
consideration, in the usual course of business, and was
entitled to recover its amount.

The defendants avowed their willingness and that they
were ever ready to pay the true and legal owner, when
ascertained by the court, &c.

Upon these issues the parties went to trial. Several
witnesses were produced by the plaintiff, and also by the
intervenor : the testimony was contradictory.

The district judge was of opinion, that although the loss
of the note was not fully proved, yet there was enough
shown to put the plaintiff on his proof of the manner he
obtained possession of it. His testimony showed that through
the agency of a person acting as a broker, in the city, he
purchased the note in question from a stranger, who offered
it for discount and sale, one morning while the broker was
walking in the market. This was in the summer of 1833,
and before the note became due. This testimony is flatly
contradicted by another broker, who gives an entirely different
account of the note, but which with the other testimony
goes to show the note had been stolen. The plaintiff's own
declarations contradicted his witness.

On weighing the testimony given on all sides, the district
judge gave judgment for the intervenors. The plaintiff
appealed.

*Roselius*, for the plaintiff.

1. The presumption of law is, that the holder of a nego-
tiable obligation is the *bonâ fide* owner thereof, until the
contrary is shown. The testimony, in this case, establishes

EASTERN DIST. in the most conclusive manner, that the note in question was
*March,* 1835. transferred to the plaintiff for a valuable consideration.

DUPEUX            2. No equitable defence is admissible against an innocent
*vs.*
TROXLER ET AL. holder of a negotiable note, who has obtained it in the
common course of business, before its maturity.

3. The loss or theft of the note is not proved, nor have the
defendants and intervenors complied with the formalities of
law required under such circumstances.

4. The court below erred, as is shown by the bills of
exception on record.

*Morphy,* for the intervenors and appellees, contended, that
when the consideration of a note payable to bearer, and the
rights of the holder are attacked, he is bound to show he came
by it *bonâ fide.* In this case, the testimony shows conclu-
sively the note was never negotiated by the original owner
and holder, nor by any other lawful holder, to the plaintiff.
6 *Martin, N. S.,* 565.

2. An endorsed note, although negotiable by delivery, yet
when it is passed off and the right of the holder is contested,
on the ground that he gave no consideration for it, or that no
legal transfer took place, more strict proof is required of the
transfer and consideration than in ordinary cases.

3. The formalities required by law, in relation to the loss
of a written instrument, apply only to cases where the lost
instrument is made the foundation of a suit, to recover the
amount of it.

*Mathews, J.,* delivered the opinion of the court.

This is a suit brought by the holder of a negotiable note
against the maker and endorser. The making and endorse-
ment are admitted by the answer of the defendants, but they
deny that the plaintiff is a *bonâ fide* holder. The interven-
tion of P. Friloux et al. was permitted, who claim to be the
rightful owners of the note in question. Judgment was
rendered in their favor, from which the plaintiff appealed.

The decision of the case depends principally on matters of
fact. The intervening parties allege that the note was the

property of their ancestor, from whom it was stolen, and came unfairly and without consideration into the possession of the plaintiff. They claim the amount, &c., as heirs of the original proprietor.

EASTERN DIST.
*March*, 1835.

DUPEUX
*vs.*
TROXLER ET AL,

The evidence of the case, in relation to the loss and theft of this note, was considered by the court below as sufficient to put the original plaintiff on proof of the manner in which he acquired it. Perhaps the testimony does not establish all the facts required to be shown in a case where a recovery is sought on an instrument lost or destroyed, according to the rules prescribed for the establishment of lost papers; but such as could be had in the present case, and such as was received in the court of the first instance, leaves no doubt on our minds, of the loss by theft, as alleged in the petition of the intervenors.

The plaintiffs as holders, sue the maker and endorser of a promissory note: intervenors claim the note, and allege that it was the property of their ancestor, from whom it was stolen, and came unfairly and without consideration into the hands of the plaintiffs: *Held,* that when the testimony shows the note was not obtained in a fair course of trade, the holder is not considered *bonâ fide,* and cannot recover as against the true owner.

Many witnesses have testified in relation to the manner in which the plaintiff acquired possession of the note, and from a careful examination of their testimony, giving due weight to all, we are of opinion that he did not obtain it in a fair course of trade, and consequently that he is not the real owner or *bonâ fide* holder thereof.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs,